## In re "AGENT ORANGE" PRODUCT LIABILITY LITIGATION.

### MDL No. 381.

United States District Court,
E.D. New York.

July 5, 1983.

Victor J. Yannacone, Jr., Yannacone & Associates, Patchogue, N.Y., for plaintiffs.

Leonard L. Rivkin, Rivkin, Leff, Sherman & Radler, Garden City, N.Y., for defendant The Dow Chemical Corp.

Morton B. Silberman, Clark, Gagliardi & Miller, White Plains, N.Y., for defendant T.H. Agriculture & Nutrition Company, Inc.

Wendell B. Alcorn, Jr., Cadwalader, Wickersham & Taft, New York City, for Diamond Shamrock.

Philip D. Pakula, Townley & Updike, New York City, for defendant Monsanto.

William Krohley, Kelley Drye & Warren, New York City, for defendant Hercules, Inc.

Thomas Beck, Arthur, Dry & Kalish, New York City, for defendant Uniroyal.

Howard Lester, Lester, Schwab, Katz & Dwyer, New York City, for defendant Hoffman-Taft.

John M. Fitzpatrick, Dilwarth, Paxson, Kalish & Levy, Philadelphia, Pa., for defendant Hooker Plastics & Chemicals Co.

David R. Gross, Budd, Larner, Kent, Gross, Picillo & Rosenbaum, Newark, N.J., for defendant Thompson Chemical Co.

Paul V. Esposito, Lewis, Overbeck & Furman, Chicago, Ill., for defendant Riverdale Chemical Co.

* Motions 41, 62, 65, 96, and 119.

Arvin Maskin and Gretchen Leah Witt, Civil Division. Department of Justice, Washington, D.C., for the United States of America.

GEORGE C. PRATT, Circuit Judge.*

On June 30, 1983, the court approved the special master's order recommending that all papers filed in connection with the summary judgment motions made by seven of the defendants be unsealed. Memoranda opposing the special master's recommendation were due on June 28, 1983, and the court considered defendant Dow's timely memorandum in opposition in reaching its determination.

On July 1, 1983, defendant Monsanto delivered to the court a memorandum in opposition to the special master's recommendation with a cover letter stating that the memorandum had been filed and served on June 28, 1983. The court did not consider this memorandum in approving the special master's recommendation, and treats it as a motion for reargument and reconsideration of the June 30 order.

Monsanto objects to the unsealing of the document entitled "Plaintiffs' Memorandum as to Defendant Monsanto's Knowledge About Manufacturing Process, Dioxin as Contaminant Detection Methods, Risk Reduction Methods, and Health Hazards Associated With Exposure to Dioxin" on the ground that, since Monsanto did not move for summary judgment, these papers were not submitted with the papers on the summary judgment motions, nor evaluated by the court in reaching its decision on the motions.

The court considered all of the memoranda and exhibits submitted by plaintiffs and defendants in support of and in opposition to the summary judgment motions. The order directing the clerk to unseal the documents includes "all of the materials filed in connection with the summary judgment motions referred to above." Since plaintiffs' submission concerning Monsanto falls

within that description, defendant Monsanto's request is denied.

SO ORDERED.

---

* Of the U.S. Court of Appeals, Second Circuit, sitting by designation.